UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tracy K. Barker, *et. al.*, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-07-2677 |
| | § | |
| Halliburton Company, *et al.*, | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## Order

Before the court is plaintiffs' motion for additional findings pursuant to 28 U.S.C. § 1292(b) with respect to this court's memorandum order and opinion compelling arbitration. Dkt. 65. Upon consideration of the plaintiffs' motion and the applicable law, the motion is DENIED for the reasons detailed below.

### I. Background

Defendants (collectively "the Halliburton defendants") filed a motion with this court to compel arbitration with respect to plaintiff Tracy K. Barker's claims and to dismiss or stay her claims; to dismiss or stay plaintiff Galen D. Barker's derivative claims pending the outcome of the arbitration; and for sanctions against plaintiffs' attorneys for unreasonably multiplying the proceedings. Dkts. 40 & 56. This court granted the motion to compel arbitration of Ms. Barker's claims and dismissed those claims on January 30, 2008. Dkt. 65. Mr. Barker's derivative claims were stayed and sanctions were denied. *Id.* Plaintiffs (collectively "the Barkers") have now filed a motion for additional findings of fact pursuant to 28 U.S.C. § 1292(b). Dkt. 67.

## II. ANALYSIS

Section 16 of the Federal Arbitration Act governs appellate review of arbitration orders. 9 U.S.C. § 16. Appeals may not be taken from an interlocutory order compelling arbitration unless accompanied by a district court's certification. 9 U.S.C. § 16(b); 28 U.S.C. § 1292(b). This certification is to be given only when the court is of the opinion that there is "a controlling question of law as to which there is substantial ground for difference of opinion and [when] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b); *see also Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 867 F.2d. 1518 (5th Cir. 1989).

The Barkers assert there is a controlling question of law in this case as to which there is substantial ground for difference of opinion—the "arbitrability of the dispute and whether the arbitration agreement is valid." Dkt. 67 at 2. Furthermore, the Barkers state that requiring arbitration without Fifth Circuit review of the court's order could "lead to substantial unnecessary costs of litigation and substantial prejudice if . . . arbitration was not the proper course of resolution." *Id.* at 2-3.

There are four statutory criteria that guide the court in deciding a § 1292(b) motion: (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must speed up the litigation. *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000) (Posner, C.J.); *see Marlbrough v. Crown Equip. Co.*, 392 F.3d 135 (5th Cir. 2004) (citing *Ahrenholz*, 219 F.3 at 676-77) (holding that whether there is sufficient summary judgment evidence is not a controlling question of law). Unless all of the criteria are satisfied, the court "may not and should not certify [an order for appeal] under § 1292 (b)." *Ahrenholz*, 219 F.3 at 676. A

controlling question of law is an issue with a "statutory or constitutional provision, regulation or common law doctrine." *Id.* Furthermore, the question must be an "abstract legal issue." *Id.* at 677.

In this case, the questions raised by the Barkers—whether the arbitration clause is valid and whether the dispute falls under the arbitration clause—are not controlling questions of law under § 1292(b). These are not abstract legal issues, but rather questions of law as applied to the facts of this case. Additionally, even if the Barkers were to re-frame these issues in an abstract legal manner, these are not matters where there is substantial ground for difference of opinion. The Fifth Circuit has clearly spoken on the validity of arbitration clauses and their broad applicability. *See e.g, Banc One Acceptance Corp. v. Hill*, 367 F.3d 426 (5th Cir. 2004)*; Pers. Sec. & Safety Sys. v. Motorola, Inc.*, 297 F.3d 388 (5th Cir. 2002). Therefore the request for certification must be DENIED. Without a final judgment in this matter, the Barkers are unable to appeal this court's motion to compel arbitration.

### III. CONCLUSION

Accordingly, plaintiff's motion for additional findings pursuant to 28 U.S.C. § 1292(b) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on February 27, 2008.

_____
Gray H. Miller
United States District Judge

3