UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACY BARKER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-2677 |
| | § | |
| HALLIBURTON COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the court is plaintiff Tracy Barker's motion to enforce arbitration award. Dkt. 77. Upon consideration of the motion, the response, the reply, and the applicable law, the court treats the motion as a motion to confirm the award of the arbitrator under 9 U.S.C. § 9, and the motion is GRANTED.

Upon defendants' motion, the court compelled arbitration of plaintiff, Tracy Barker's, Title VII claims. Dkt. 65. At arbitration, Barker received an arbitration award for, among other things, $363,416.66 in back pay, and $356,000.00 in front pay for a total of $719,416.66 awarded for Barker's wages—past and future. Dkt. 77, Ex. 2A. Instead of paying the amount of the award, the defendants paid her only $481,306.52, withholding $238,110.14 for federal tax withholdings. Dkt. 79. Defendants do not contest the validity of the award. *Id.* They argue that 26 U.S.C. § 7421 will not allow this court to order them to pay the taxes withheld. The court disagrees.

The arbitration award ordered that KBR *pay* plaintiff $363,416.66 in back pay and $356,000.00 in front pay. Dkt. 77, Ex. 2, at 49. This court cannot vacate an arbitration award except in narrow circumstances: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where

the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. Nor, can this court modify the award except "(a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (b) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted[; or] (c) [w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11. The parties do not contend, nor does the court see any evidence in the record before it, that any of these grounds for vacating the arbitration award is present here. Even if the arbitrator was incorrect—and this court does not so hold—regarding the distribution of the award between the plaintiff and the federal government, that mistake of law would be insufficient grounds to vacate or modify the award. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S. Ct. 1396 (2008). And, the court finds no authority allowing a party unilaterally to modify an arbitration award absent a court order.

Halliburton argues that this court has no jurisdiction to order it to pay monies owed directly to the government pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421(a). Section 7421(a) states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." § 7421(a). The Fifth Circuit has explained that § 7421 "insures that, once a tax has been assessed, the taxpayer ordinarily has no power to prevent the IRS from collecting it; his only recourse is to pay the tax in full, and then sue for a refund." *Jones v. United States*, 889 F.2d 1448, 1449–50

(5th Cir. 1989) (citing *South Carolina v. Regan*, 465 U.S. 367, 376, 104 S.Ct. 1107 (1984); *Bob Jones University v. Simon*, 416 U.S. 725, 736-37, 94 S.Ct. 2038 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125 (1962)).  However, the court can find no authority for Halliburton's contention that § 7421 mandates withholding on arbitration awards by the company.  There is no doubt that Tracy Barker will be liable to the federal government for the total tax burden on any part of the award considered income by the government.  However, per the terms of the arbitration award, that issue is between Barker and the government.  Therefore, Barker's motion to enforce the arbitration award is GRANTED.  Accordingly, Halliburton must pay the full amount of the arbitration award to Barker.

    It is so ORDERED.

    Signed at Houston, Texas on May 4, 2010.

    _____
    Gray H. Miller
    United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY