UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACY BARKER, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-2677 |
| | § | |
| HALLIBURTON COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Halliburton Company's motion for summary judgment on Galen Barker's claim for loss of consortium. Dkt. 86. After review of the motion, the responses, and the applicable law, the motion is GRANTED.

**BACKGROUND**

Galen Barker brings a claim for loss of consortium based on the torts alleged by his wife, Tracy Barker, against her employer, Halliburton, the facts of which may be found in the court's memorandum opinion and order compelling arbitration. *See* Dkt. 65. In compelling Tracy Barker's claims to arbitration, the court found that Galen Barker was not a signatory to the Employment Agreement between Tracy Barker and Halliburton, and, as a result, his claim was not subject to arbitration. *Id.* Accordingly, the court stayed Galen Barker's loss of consortium claim pending the outcome of arbitration because it was based on the same operative facts and inherently inseparable from his wife's arbitrable claims. *Id.* The arbitrator awarded Tracy approximately $2.93 million in damages on her Title VII claims, later reduced to approximately $1.23 million, and dismissed her tort claims as barred by the Defense Base Act. Dkt. 87 at 4. On plaintiffs' motion, this court subsequently confirmed and enforced the arbitration award. Dkt. 84.

ANALYSIS

Halliburton now argues that Galen Barker cannot, as a matter of law, maintain a claim for loss of consortium arising from a violation of Title VII against his wife. Dkt. 86 at 3. For the reasons detailed below, the court agrees.

**A. Summary Judgment Standard**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

**B. Loss of Consortium Claim**

In its motion for summary judgment, Halliburton argues that Galen Barker fails to state a claim for which relief can be granted because a loss of consortium claim cannot derive from Tracy Barker's Title VII claims. Dkt. 86. In *Coon v. Ledbetter*, the Fifth Circuit held that a party who asserts a claim for deprivation of his/her civil rights must have personally had such rights violated. 780 F.2d 1158, 1160–61 (5th Cir. 1986). Thus, a person cannot recover on a claim which is dependent or derivative of another person's civil rights violation claim. *Id.*; *see also Brown v. Bd.*

2

*Of Trs. Of LaGrange Indep. Sch. Dist.*, 187 F.2d 20, 25 (5th Cir. 1951) (holding that no person may sue for the deprivation of civil rights of others).  Because Title VII is a civil rights statute, it affords relief only to the individual actually complaining of employment discrimination, not to his or her family members affected by the alleged Title VII violation.[1]  Plaintiffs argue that although Title VII

---

[1]     Halliburton cites to numerous authorities in support of its argument.  *See Niehus v. Liberio*, 973 F.2d 526, 533 (7th Cir. 1992) ("The right to a husband's assistance in raking leaves is not a liberty protected by the Fourteenth Amendment."); *Cross v. City of Chattanooga, Tenn.*, No. 1:04CV108, 2005 WL 2456977, at *1, *11 (E.D. Tenn. Oct. 3, 2005) ("The law seems clear that one person may not sue, nor recover damages, for the deprivation of another person's civil rights."); *Edsall v. Assumption Coll.*, 367 F. Supp. 2d 72, 85 (D. Mass. 2005) (finding that an injured party's spouse cannot assert loss of consortium under 42 U.S.C. § 1981 or Title VII)); *Robinson v. City of Memphis*, 340 F. Supp. 2d 864, 872 (W.D. Tenn. 2004) ("Section 1983 claims are personal to the individual claiming injury . . . and are not derivative."); *Pellerin-Mayfield v. Goodwill Indus.*, No. Civ. A. 02-3774, 2003 WL 22174279, at *1, *6–7 (E.D. La. Feb. 12, 2003) ("Title VII protects employees from employment discrimination and provides a cause of action to the employee only.  Title VII does not grant derivative claims to the family of the employee who has suffered the employment discrimination."); *Danas v. Chapman Ford Sales, Inc.*, 120 F. Supp. 2d 478, 489 (E.D. Pa. 2000) ("No authority suggests that civil rights violations can support loss of consortium claims."); *Cook v. Waters*, No. 96-1459-CIV-T-17E, 1996 WL 685842, at *1, *1 (M.D. Fla. Nov. 13, 1996) ("Specifically, loss of consortium claims have been held not to be derivative of an ADA claim or a Title VII claim."); *Franz v. Kernan*, 951 F. Supp. 159, 162 (E.D. Mo. 1996) ("Claims brought under Title VII . . . do not constitute an 'underlying tort' from which a loss of consortium claim may be derived."); *Brown v. Youth Svcs. Int'l*, 904 F. Supp. 469, 470 (D. Md. 1995) (noting that "the federal courts almost unanimously have dismissed loss of consortium claims based upon federal civil rights violations"); *Miller v. CBC Cos.*, 908 F. Supp. 1054, 1069 (D.N.H. 1995) (granting motion to dismiss consortium claims to the extent they derived from ADA and Title VII claims); *Mohamed v. Marriot Int'l, Inc.*, 905 F. Supp. 141, 159 (S.D.N.Y. 1995) (granting motion to dismiss consortium claim because it could not attach to an ADA claim); *Doe v. R.R. Donnelley & Sons Co.*, 843 F. Supp. 1278, 1284 (S.D. Ind.), *aff'd*, 42 F.3d 439 (7th Cir. 1994) (holding that Title VII does not recognize a claim for loss of consortium); *Godby v. Electrolux Corp.*, Nos. 1:93-CV-0353-ODE & 1:93-CV-126-ODE, 1994 WL 470220, at *1, *2 (N.D. Ga. May 25, 1994) (denying loss of consortium damages where primary claim based on Title VII); *Vargus v. Matthew Donut, Inc.*, No. Civ. 92-301-SD, 1994 WL 259802, at *1, *2 (D.N.H. Apr. 4, 1994) ("[T]he court finds no authority to support the proposition that the spouse of Title VII plaintiff is entitled to seek damages for a loss of consortium under section 1981a."); *Reed v. Chemlink, Inc.*, Civ. A. No. 90-3942, 1991 WL 161475, at *1, *6 (E.D. La. Aug. 8, 1991); *Tauriac v. Polaroid Corp.*, 716 F. Supp. 672, 675 (D. Mass. 1989) ("The spouse of an alleged federal civil rights victim is not permitted an ancillary cause of action for loss of consortium."); *Jenkins v. Carruth*, 583 F. Supp. 613, 616 (E.D. Tenn. 1982).

cannot normally support a derivative claim, because Tracy's claims involved physical violence this case is an exception. Dkt. 87 at 6–9. They cite no law for this proposition. Additionally, Tracy's claims for physical violence were exclusively against Ali Mokhtare—a State Department employee, not a Halliburton employee. The court severed those claims and transferred them to the Eastern District of Virginia. Dkt. 63. Therefore, assuming *arguendo* that Tracy's claims for sexual assault could anchor Galen's loss of consortium claims, Halliburton would not be the proper defendant. Thus, Galen Barker cannot bring a loss of consortium claim under his wife's Title VII claims.

Halliburton also contends that Tracy's tort claims against Halliburton cannot be the basis for Galen's loss of consortium claim, because the arbitrator dismissed those claims with prejudice. Due to the derivative nature of a loss of consortium claim, the defendant must be liable to the spouse on the non-derivative cause of action in order for the derivative plaintiff to recover for loss of consortium. *See DeGrate v. Executive Imprints, Inc.*, 261 S.W.3d 402, 412 (Tex. App.–Tyler 2008, no pet.) ("When a loss of consortium claim is derived from an injury to the spouse, the claim is derivative, and thus, must fail if the injured spouse's claims against the defendant fails."); *Benavides v. County of Wilson*, 955 F.2d 968, 975 (5th Cir.), *cert. denied*, 506 U.S. 824, 113 S. Ct. 79 (1992) (finding that summary judgment against non-derivative claim also barred the derivative loss of consortium claim). Because the arbitrator dismissed Tracy Barker's tort claims, Halliburton has not been found liable. Therefore, Galen Barker's derivative claim for loss of consortium must also fail as a matter of law. *See id.*

Plaintiff also argues that the arbitrator wrongly dismissed Tracy's tort claims as barred by the Defense Base Act. However, an arbitrator's decision is unreviewable for errors of law. *See Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396 (2008). And, because the court confirmed the arbitration award, it is the law of the case and has preclusive effect. 9 U.S.C. § 13

("The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action."); *Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 893 n.18 (Tex.App.–Houston [14th Dist.] 2004, no pet.). Accordingly, Tracy Barker's tort claims have been dismissed with prejudice and Halliburton may not now be found liable for them. In sum, there is no underlying tort on which plaintiff Galen Barker can base a loss of consortium claim.

## CONCLUSION

Based on the foregoing analysis, it is therefore ORDERED that summary judgment is GRANTED with respect to Galen Barker's loss of consortium claim.

Signed at Houston, Texas on August 23, 2010.

_____
Gray H. Miller
United States District Judge