REVISED JULY 1, 2011

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States District Court
Southern District of Texas
FILED

JUL 2 1 2011

David J. Bradley, Clerk of Court

United States Court of Appeals
Fifth Circuit
F I L E D
June 23, 2011
Lyle W. Cayce
Clerk

No. 10-20638

GALEN D. BARKER,

                                             Plaintiff-Appellant

v.

HALLIBURTON COMPANY, doing business as KBR Kellogg Brown & Root; KBR TECHNICAL SERVICES, INC.; SERVICE EMPLOYEES INTERNATIONAL, INC.; KELLOGG BROWN & ROOT SERVICES, INC.; KELLOGG BROWN & ROOT INTERNATIONAL, INC.; KELLOGG BROWN & ROOT L.L.C.; KELLOGG BROWN & ROOT, INC.; KELLOGG BROWN & ROOT, S. DE R. L.; KELLOGG BROWN & ROOT (KBR), INC.; KBR, INC.,

                                             Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, GARZA, and SOUTHWICK, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

    In this appeal, we consider whether the district court erred by concluding that Plaintiff-Appellant Galen Barker could not, as a matter of law, maintain a loss of consortium claim because the claim arose from a civil rights violation against his wife. We agree with the district court's conclusion and AFFIRM that court's summary judgment order.

I

Plaintiff-Appellant's wife, Tracy Barker, worked in Iraq as a civilian contractor for Defendant-Appellee Halliburton Company ("KBR"). While in Iraq, Tracy Barker was sexually assaulted by a federal employee and also sexually harassed by fellow KBR employees. Upon her return to the United States, Tracy Barker and her spouse, Galen Barker, sued KBR in federal district court. Their Complaint alleged claims of sexual harassment and retaliation under Title VII, assault and battery, intentional infliction of emotional distress, negligence, false imprisonment, and loss of consortium. KBR moved to compel arbitration of Tracy Barker's claim and stay proceedings of her husband's claim. The district court granted the motion. The arbitrator ruled in favor of Tracy Barker on her Title VII claims and dismissed her tort claims.[1] Before the district court, KBR then moved for summary judgment on Galen Barker's loss of consortium claim. KBR argued that Galen Barker's claim failed as a matter of law because such a claim could not derive from another individual's Title VII claim. KBR also asserted that Galen Barker's claim failed under state law because the arbitrator had dismissed Tracy Barker's tort claims. The district court agreed and granted summary judgment in favor of KBR. Galen Barker appealed the order.

II

"We review a district court's grant of summary judgment de novo, applying the same legal standard as the district court." *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007). "A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to

---

[1] The arbitrator concluded that Tracy Barker's state tort claims were barred under the Defense Base Act, 42 U.S.C. § 1651–54. The arbitrator awarded Tracy Barker $2.93 million in damages on her Title VII claims, but later reduced the award to $1.23 million.

the nonmoving party, the record indicates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Lifecare Hosps., Inc. v. Health Plus of La., Inc.*, 418 F.3d 436, 439 (5th Cir. 2005) (internal quotations omitted). Here, where a factual issue has not been raised by either party, our consideration of the appeal turns solely on an interpretation of law. *See generally Berquist*, 500 F.3d at 348–49.

Galen Barker contends the district court erred by granting summary judgment in favor of KBR because Texas law permits for a loss of consortium claim that is derived from a spouse's Title VII claim. We disagree. Under Texas law, a loss of consortium claim is derivative of the tortfeasor's liability to the physically injured spouse. *Whittlesey v. Miller*, 572 S.W.2d 665, 667 (Tex. 1978). Thus, when a husband asserts a loss of consortium claim, he must establish that the tortfeasor was liable for the tort claim of his physically injured wife. *Reed Tool Co. v. Copelin*, 610 S.W.2d 736, 738 (Tex. 1980); *see also Motor Express, Inc. v. Rodriguez*, 925 S.W.2d 638, 640 (Tex. 1996) (per curiam). Galen Barker's argument fails for two reasons. First, Galen Barker's claim must derive from a successful tort claim. *See generally Motor Express*, 925 S.W.2d at 640; *Whittlesey*, 572 S.W.2d 667–69. Therefore, in Texas, a loss of consortium claim may not derive from a spouse's federal civil rights claim. The second reason Galen Barker's argument fails is because the arbitrator dismissed Tracy Barker's tort claims. Galen Barker's loss of consortium claim must derive from his wife's successful tort claim for her physical injuries. That is not possible here because the arbitrator dismissed Tracy Barker's tort claims with prejudice. Therefore, the district court did not err by concluding that Galen Barker's loss of consortium claim failed under Texas law.

Galen Barker also asserts that the district court erred by concluding that his loss of consortium claim could not derive from his wife's Title VII claim. Galen Barker's argument, however, is incorrect. We have held that for a claim

3

alleging deprivation of a constitutional right, an individual plaintiff must prove that the defendant violated his personal rights. *Coon v. Ledbetter*, 780 F.2d 1158, 1160–61 (5th Cir. 1986). A third party may not assert a civil rights claim based on the civil rights violations of another individual. *Id.* at 1160–61. Title VII of the Civil Rights Act protects employees' constitutional rights and was enacted to prevent employment discrimination or harassment. *See generally* 42 U.S.C. §§ 2000e–2000e-17. The statute provides a right of action to the employee only and the law does not permit for derivative tort claims for third-party injuries. *Alderman v. Great Atl. & Pac. Tea Co.*, 332 F. Supp. 2d 932, 937 (E.D. La. 2004) ("[L]oss of consortium claims are not cognizable in employment discrimination cases."); *see also Durley v. APAC, Inc.*, 236 F.3d 651, 658 (11th Cir. 2000) (holding that Title VII claim did not "provide a basis for derivative liability for loss of consortium" claim); *Danas v. Chapman Ford Sales, Inc.*, 120 F. Supp. 2d 478, 489 (E.D. Pa. 2000) (concluding that "[n]o authority suggests that civil rights violations can support loss of consortium claims").

After the arbitrator dismissed Tracy Barker's tort claims with prejudice her Title VII claim served as the basis for her award. As a result of the arbitration proceedings, Galen Barker's loss of consortium claim derives solely from his wife's civil rights claim. Under our precedent, however, an individual's right to recover under Title VII cannot support a spouse's loss of consortium claim. The district court, therefore, did not err by concluding that Galen Barker's loss of consortium claim failed as a matter of law.

### III

Accordingly, we AFFIRM the district court's order granting summary judgment in favor of KBR.